Daniel T. Cooney and Eleanor M. Cooney v. commissioner.
Cooney v. Commissioner
Docket No. 2656-69.
United States Tax Court
T.C. Memo 1971-201; 1971 Tax Ct. Memo LEXIS 133; 30 T.C.M. (CCH) 845; T.C.M. (RIA) 71201; August 16, 1971, Filed Emil Sebetic, 233 Broadway, New York, N. Y. , for the petitioners. John D. Shuff, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: Respondent determined a deficiency of $1,741.68 in petitioners' Federal income taxes for the year 1967. The sole issue before us is whether payment of $12,322 [1] to Liberty Mutual Insurance Company, pursuant to the settlement of a tort action by the petitioners against certain other parties, was allowable as a medical expense deduction under section 213. [2]
*134 Findings of Fact All of the facts have been stipulated and are found accordingly. At the time the petition herein was filed, petitioners, Daniel T. Cooney and Eleanor M. Cooney, were husband and wife with legal residence in Massapequa, New York. They filed their joint Federal income tax return for the taxable year 1967 with the district director of internal revenue, Brooklyn, New York. On October 29, 1963, Daniel T. Cooney (hereinafter referred to as petitioner), an employee of Union Camp Corporation, was injured in the course of his employment. The accident occurred on a golf course located in Flemington, New Jersey. As a result of the accident, which involved a golf cart, petitioner incurred injuries to his head, body and arms and legs, including a broken back, left ankle and right ribs. He required hospitalization and extensive treatment for a period extending over fifteen months. The Liberty Mutual Insurance Company (hereinafter referred to as Liberty Mutual), who was the insurance carrier for petitioner's employer, paid the hospitalization and medical expenses (hereinafter reference to "medical expenses" shall refer to hospitalization and medical expenses) as 846 *135 they were incurred by petitioner during his recovery from his injuries. These expenses totaled $12,322. In March, 1965, petitioner instituted a tort action in the United States District Court, Newark, New Jersey District, against the golf cart manufacturer, the golf cart owner and the golf course owner. In the suit, he asked for damages of $500,000 for personal injuries, medical expenses and other related damages resulting from his accident. No specific amount was alleged in his complaint as hospitalization or medical expense, or any other items of damage. Under section 29 of the New York Workmen's Compensation Law, Liberty Mutual was given a lien on any recovery by petitioner in his action for damages, whether by judgment, settlement or otherwise, after the deduction of reasonable and necessary expenditures, including attorney's fees, for the amounts paid by it on his behalf. On June 6, 1967, petitioner's suit for damages was settled by a Stipulation of Dismissal with prejudice and without costs to any party. Under the terms of the settlement, the petitioner received the sum of $60,000, in exchange for which he executed general releases, dated June 9, 1967, to the defendants. *136 No part of the $60,000 settlement was identified or allocated by the parties as payment or reimbursement for petitioner's medical expenses. On June 8, 1967, petitioner signed an authorization of payment of the $60,000 settlement to his attorneys. His attorneys in turn satisfied the claim of Liberty Mutual for reimbursement under its statutory lien over any proceeds of the tort action. That portion was $12,322, the amount attributable to the prior payment of petitioner's medical expenses by Liberty Mutual. Opinion Section 213 provides in part: SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. (a) Allowance of Deduction. - There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise - * * * The issue is whether petitioners incurred an expense allowable as a deduction under section 213 by virtue of the payment of $12,322 by the petitioner's attorneys to Liberty Mutual. This payment was made pursuant to section 29 of the New York Workmen's Compensation Law, which provides in pertinent part as follows: In such case [referring to the case where "* * * such injured employee * * * take or intend to take compensation, and medical benefits *137 in the case of an employee, under this chapter and desire to bring action against such other * * *"], the state insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures including attorney's fees, incurred in effecting such recovery to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier. * * * Sec. 29-1, Workmen's Compensation Law, ch. 64. It is clear that this law works to subrogate the claim of the insurer to that of the employee. See , where the court said: Section 29 does not vest absolutely in plaintiff a cause of action for medical expenses *138 which were not paid by him. Neither does it vest absolutely in him a cause of action for moneys already paid to him as compensation, yet, we think that section 29 gives him the right to bring an action against the third party for both of these. Section 29 allows him to bring this action in a sort of representative or trust capacity. The purpose of the action is to create a fund in which the plaintiff has a residuary interest. The insurance carrier or employer, as the case may be, has first claim after attorney's fees, etc., have been paid, for compensation paid, and to be paid, and for medical expenses. There would be no reason for the legislature to give the carrier the right to a lien for medical expenses unless it intended that the plaintiff could first prove such expenses on the trial and recover therefor. Such a right must necessarily be implied from the wording of the statute giving the carrier the right to be paid such expenses out of the fund. Otherwise plaintiff would be the loser and the carrier could make a double 847 recovery. The statute gives the injured employee the first chance to bring the third party action and thus to create the fund. If he fails to bring the *139 action within the statutory time then the carrier can bring it. In either event the statute provides how the fund shall be administered and provides in either case that the carrier be reimbursed for medical expenses out of the fund. It follows that Liberty Mutual was subrogated to the claim of petitioner up to $12,322. As to this amount, the insurance carrier was, in effect, a third party beneficiary. Consequently, Liberty Mutual was not paid by petitioner. It was paid as a direct result of the settlement incurred by petitioner. This is no different in substance than the situation of . There the petitioner, a New York police officer, incurred medical expenses of $3,857.50 as the result of an accident suffered in the line of duty. He sued the city, and a consent judgment was entered for the petitioner in the sum of $17,000. The judgment contained a stipulation that $3,857.50 of the judgment would be paid by the city for the medical expenses incurred by the petitioner as a result of the accident. We held that the petitioner was not entitled to a deduction under section 213 because he had suffered no out-of-pocket expenses. Petitioners *140 point out that in Morgan there was a stipulation attached to the settlement which provided for the payment of medical expenses, while here neither the settlement nor the suit contains a stipulation or an allocation to that effect. However the petitioners fail to note that, under New York law, the lien by Liberty Mutual produced the same effect as a stipulation. The petitioner did not incur an out-of-pocket expense. As in Morgan, he was "compensated for his expenses through the settlement * * *." . As a result, we find , to be dispositive of this case. The medical expenses of $12,322 incurred by petitioner as a result of his accident were "* * * compensated for by insurance or otherwise * * *." Consequently, they were not allowable to the petitioners as a deduction under section 213. Decision will be entered for the respondent. Footnotes
1. The amount disallowed in the statutory notice is $12,402. However, petitioners are only disputing disallowance of the $12,322 paid to Liberty Mutual. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩